**UNITED STATES of America**

v.

**Carlos RENDON–MARQUEZ,
Defendant.**

**No. 2:98–CR–53–WCO.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Aug. 5, 1999.

Henry Allen Moye, Assistant United States Attorney, Atlanta, GA, for plaintiff.

Lynn Gitlin Fant, Federal Defender Program, Atlanta, GA, for defendant.

## MEMORANDUM OPINION

O'KELLEY, Senior District Judge.

The captioned case came to trial on July 26, 1999. At the close of evidence defense counsel moved for judgment of acquittal as to both counts of the indictment. The court, thereafter, issued judgment of acquittal as to count one and denied the motion as to count two.

### I. FACTS

In count one of the indictment, defendant was charged with a violation of Title 18 United States Code section 1001. The government argued that the defendant made a false statement by answering "no" to question three on the United States Department of Justice Immigration and Naturalization Form N–445. Defense counsel moved for judgment of acquittal based on the language of this question, asserting that the wording of the question was confusing and ambiguous.

Defendant was charged with making a false statement on November 19, 1997, in his Immigration and Naturalization Service ("INS") Form N–445, notice of naturalization oath ceremony. The question forming the basis of count one of the indictment asked: "Have you knowingly committed any crime or offense, for which you have not been arrested; or have you been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations?" (I.N.S. Form N–445.) Although defendant had in fact been arrested for violating a state law, he answered "no" to this question. At the close of evidence, defense counsel moved for judgment of acquittal as to count one. Defense counsel argued that defendant's statement was not false on its face, in that "no" was a true and correct answer to the first part of question three, while "no" was a false statement as to the second part of the question. Defense counsel further argued that the government's evidence was insufficient to establish the essential element of falsity required under section 1001.

### II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29 allows a defendant to move the court for judgment of acquittal after the evidence on either side is closed. *See* FED. R.CRIM.P. 29(a). "The court ... shall order the entry of judgment of acquittal of one or more offenses charged in the indictment ... if the evidence is insufficient to sustain a conviction" as to that offense. *Id.* "On a motion for judgment of acquittal, the test is whether, taking the view most favorable to the [g]overnment, a reasonably-minded jur[or] could accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *Sanders v. United States*, 416 F.2d 194, 196 (5th Cir.1969).[1]

### III. ANALYSIS

"The criminal perjury statutes were not intended to encompass confusing and ambiguous questions." *United States v. Vesaas*, 586 F.2d 101, 104 (8th Cir.1978). As such, the United States Supreme Court has held that "precise questioning is im-

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981 (en banc)), the Eleventh Circuit adopted as binding prece- dent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

perative as a predicate for the offense of perjury." *Bronston v. United States,* 409 U.S. 352, 362, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973) (analyzing statements made under Title 18 United States Code section 1621). Many courts construe this holding as creating a "literal truth" defense. *See United States v. Petzold,* 788 F.2d 1478, 1482 (11th Cir.1986). This means that a defendant may not be convicted under the perjury statute for giving an answer that although non responsive is nonetheless literally true.

Because of the obvious parallel between the criminal perjury statute, 18 U.S.C. § 1621, and the false statement statute, 18 U.S.C. § 1001, courts have extended the literal truth defense in the context of violations under section 1001. *See United States v. Vesaas,* 586 F.2d 101, 104 (8th Cir.1978). In *United States v. Vesaas,* the Eighth Circuit found the rationale underlying *Bronston* to be persuasive in the context of false statements made in violation of section 1001. *See id.* The court opined that "a prosecution for a false statement under § 1001 or under the perjury statutes cannot be based on an ambiguous question where the response may be literally and factually correct." 586 F.2d at 104. In *Vesaas,* the defendant was indicted under section 1001 for making a false statement. The question at issue asked the defendant whether he knew of any stocks, bonds, or other property owned by his deceased mother and himself in joint tenancy. *See id.* at 103. The defendant answered "no" although he had owned certain stocks in joint tenancy with his mother prior to her death. *See id.* Because it is a legal impossibility for an individual to own property in joint tenancy with someone who is deceased, the court found that defendant's "no" answer could not constitute a false statement. *See id.* The court went on to note that "an indictment premised on a statement which on its face is not false cannot survive." *Id.* at 104.

The Fifth Circuit further extended the literal truth defense in the context of violations of section 1001 by applying the analysis to questions contained in the INS form N–445. *See United States v. Moses,* 94 F.3d 182, 188 (5th Cir.1996). In *Moses,* the defendant was charged with making a false statement on his INS Form N–445 application. *See id.* at 184. The question which formed the basis of the indictment asked: "After the date you filed your petition: 1. Have you married, or been widowed, separated, or divorced?" *Id.* at 188. Moses was in fact separated from his wife at the time he completed his N–445 application. *See id.* He answered the question "no," however, because "he was separated from his wife before he filed the original petition, and he remained separated from her between the filing of the petition and the filing of his N–445 form." *Id.* The Fifth Circuit concluded "we do not condone, but rather condemn, Moses's lack of candor with the INS on the various documents he filed in an effort to obtain naturalization. We cannot uphold a conviction, however, where the alleged statement forming the basis of a violation of section 1001 is true on its face." *Id.* at 104. Because Moses' response was not false on its face, the court found the evidence insufficient to support a conviction under section 1001. *See id.*

■ In the case *sub judice,* the question that formed the basis of the indictment asked two separate and distinct questions. The form, however, provided space for only one "yes" or "no" answer. Consequently, either way the defendant answered the question, he was answering truthfully as to one question and falsely as to the other. As the Eighth Circuit noted, "any special problems arising from the literally true but unresponsive answer are to be remedied through the 'questioner's acuity' and not by a federal ... prosecution." *United States v. Vesaas,* 586 F.2d 101, 104 (8th Cir.1978). It follows that the issue in this case could have been easily avoided had the question at issue been drafted to provide for two separate answers. The issue could have further been avoided had the question been written as one complete question which called for one distinct answer. As it now reads it is a compound question that is confusing and

ambiguous. "It is incumbent upon the [g]overnment to negative any reasonable interpretation that would make the defendant's statement factually correct." *United States v. Gahagan*, 881 F.2d 1380, 1383 (6th Cir.1989). Because the defendant Rendon–Marquez's "no" response is literally and factually correct as to the first part of question three, the court finds that the government failed to provide sufficient evidence to establish the element of falsity as required under the statute. Thus, the evidence presented is insufficient to support a conclusion of defendant's guilt.

## IV. *CONCLUSION*

Based on the foregoing analysis, the court granted the defendant's motion for judgment of acquittal as to count one of the indictment. This opinion is meant to memorialize such ruling as it was made in open court on July 27, 1999.